**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 06-cv-00010-REB

DEBRA A. BARRON,

    Plaintiff,

v.

LINDA S. McMAHON,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed November 17, 2005, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of rotator cuff injury, depression with panic disorder, asthma, wrist surgery, episodic shingles and skin abscesses, and hepatitis C. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on

---

[1] Linda S. McMahon became the Acting Commissioner of Social Security on January 20, 2007, and, thus, her name is substituted for that of Jo Anne B. Barnhart as the defendant in this suit. **FED.R.CIV.P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

September 9, 2004.  At the time of the hearing, plaintiff was 47 years old.  She has a high school education and past relevant work experience as a cashier/clerk, store manager, and licensed practical nurse.  She has not engaged in substantial gainful activity since March 23, 2002.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff's shoulder injuries and asthma were severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  Plaintiff's additional impairments were found to be not severe and, thus, were not considered further.  The ALJ found that plaintiff had the residual functional capacity to perform light work with restrictions of no work above chest level with the upper extremities, no pushing or pulling, and no temperature extremes.  Given this finding, the ALJ concluded that plaintiff could return to her past relevant work as a cashier.  He, therefore, found plaintiff not disabled at step four of the sequential evaluation.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments, the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d

1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III.  LEGAL ANALYSIS

Plaintiff claims the ALJ erred in discounting the opinion of her treating physician and finding plaintiff's own subjective reports of pain not credible to the extent alleged.

She maintains that these missteps led the ALJ to erroneously conclude that she had the residual functional capacity sufficient to return to her past relevant work. Finding no such error in the ALJ's decision, I affirm.

Plaintiff first argues that the ALJ improperly disregarded the opinion of Dr. Hope Barkhurst, her treating physician since January, 2001. In support of plaintiff's claim for benefits, Dr. Barkhurst wrote a letter stating that plaintiff suffers from "chronic pain syndromes from multiple sources," as well as "episodes of extreme anxiety and depression" which "affect[] her ability to concentrate and stay on task." She "very seriously doubt[ed] that plaintiff could easily be employed," as plaintiff had "no capacity to lift" due to her shoulder and back problems and because "any one of her medical conditions . . . could be exacerbated at any time." (Tr. at 107.)

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); **see also Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. **Watkins**, 350 F.3d at 1301. Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987).

In determining that Dr. Barkhurst's opinions were entitled to little or no weight, the ALJ articulated specific, legitimate reasons tied to the evidence of record. For

example, the ALJ found Dr. Barkhurst's opinion that plaintiff had no ability to lift not credible given that plaintiff had no medically determinable back impairment, that her shoulder injuries reportedly responded well following surgery in 2003, and that the record contained no treatment notes for shoulder pain or impairment in 2004. (*Id.* at 21.) Similarly, the ALJ properly articulated and supported his rationale for finding Dr. Barkhurst's other opinions not credible. (*See* Tr. at 21-22.) Plaintiff's suggestion that the ALJ was required to recontact Dr. Barkhurst to clarify the bases of her opinions is not well taken. The ALJ here did not find that Dr. Barkhurst's opinion was incomplete, but rather that it was unsupported by the objective medical evidence.[2] ***White v. Barnhart***, 287 F.3d 903, 908 (10th Cir. 2001) ("[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty.") (citation omitted). The boundaries of my review do not permit me to second guess that decision. ***See id***. at 909.

Plaintiff also argues that the ALJ improperly discredited her subjective complaints of pain and functional limitations. "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." ***Id.*** (quoting ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)).

---

[2] Plaintiff also suggests that the ALJ improperly cited to her lack of treatment for her alleged mental impairments, which she suggests was due to financial reasons. (***See*** Tr. at 120.) ***See Dawkins v. Bowen***, 848 F.2d 1211, 1213 (11th Cir. 1988) (citing cases) (ALJ may not rely on claimant's lack of treatment which is attributable to indigence as proof of non-disability). This argument presents an incomplete picture of the evidence. While plaintiff did transfer her medication management for depression to Dr. Barkhurst for "cost control," the switch appears to be related primarily to the fact that plaintiff's symptoms of depression were in "good control" (***id.*** at 121), and, thus, that she did not require more intensive therapy after that time. The fact that this change also was more cost efficient for plaintiff does not suggest that she was unable to afford further treatment.

6

Contrary to plaintiff's suggestion, the ALJ is not required to discuss each and every piece of evidence in the record.  **See Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ gave clear, specific, and legitimate reasons why he did not find plaintiff's testimony entirely credible (Tr. at 20-21), and reversal, therefore, is not warranted.

Plaintiff's contention that the ALJ's determination of her residual functional capacity was in error is premised on the notion that the ALJ improperly rejected Dr. Barkhurst's opinions and plaintiff's subjective reports of pain.  Having found no such error, I cannot accept plaintiff's implicit invitation to reweigh the evidence.  The ALJ's residual functional capacity determination was supported by the consultative examiner's report, which the ALJ found consistent with the medical evidence of record and afforded substantial weight.  (**See** Tr. at 22, 214-222).[3]  I find no reversible error in that determination.

**THEREFORE, IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated February 1, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[3] Moreover, although plaintiff faults the ALJ for not considering the effect of fatigue on her residual functional capacity, the consultative examiner's report did account for the pain and fatigue associated with plaintiff's determinable medical impairments, a fact the ALJ specifically noted in his decision.  (**See** Tr. at 22, 216.)